UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VERNA WALTERS AND GLENN TAPLIN | CIVIL ACTION |
| VERSUS | NO: 18-6543 |
| PINNACLE ENTERTAINMENT, INC. AND HAROLD ROWLAND | SECTION: "S" (2) |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiffs' **Motion to Remand** (Rec. Doc. 8) is hereby **DENIED**.

Before the court is plaintiffs' motion to remand, which is before the court on briefs without oral argument. In their motion, plaintiffs, citizens of California, seek remand to state court based on their contention that defendant, Harold Rowland, is a citizen of Louisiana and therefore diversity is lacking. Defendants opposed, arguing that Rowland was fraudulently joined to defeat diversity. Subsequent to the filing of the motion, Harold Rowland was dismissed with prejudice from this suit. Rec. Doc. 14. The remaining defendants are Pinnacle Entertainment, a Delaware corporation with its principal place of business in Nevada, and Louisiana

I-Gaming (doing business as Boomtown Casino New Orleans).

Louisiana I-Gaming is a Louisiana partnership in commendam comprised of two partners, Boomtown, L.L.C., a Delaware limited liability company whose sole member is Pinnacle MLS, L.L.C., and Pinnacle MLS, L.L.C., a Delaware limited liability company whose sole member is Pinnacle Entertainment, Inc. For diversity purposes, a limited partnership is a citizen of each state in which its partners hold citizenship. Carden v. Arkoma Associates, 494 U.S. 185 (1990). This rule applies to Louisiana partnerships in commendam. Newport Ltd. v. Sears, Roebuck & Co., 941 F.2d 302, 307 (5th Cir.1991). Thus, for purposes of determining diversity in this case, Louisiana I-Gaming is also considered a Delaware citizen.

Title 28 U.S.C. § 1332(a)(1) provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" In addition, "for purposes of determining the existence of diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they existed at the time of filing." Grupo Dataflux v. Atlas Glob. Grp., L.P., 541 U.S. 567, 569–70 (2004).

The record in this matter reflects that at the time of filing, notwithstanding

Rowland's Louisiana citizenship, plaintiffs (California) and defendants (Delaware, Nevada, Louisiana) were citizens of different states. Whether or not Rowland is a citizen of Louisiana or was joined improperly is of irrelevant, because in any event, his citizenship is diverse from plaintiffs, as is that of the remaining defendants.[1] Moreover, plaintiffs' petition alleges damages in excess of $75,000. Thus, pursuant to 28 U.S.C. § 1332(a)(1), diversity jurisdiction is present. Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion to Remand is hereby **DENIED**.

New Orleans, Louisiana, this   17th   day of October, 2018.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

---

[1] Even if Rowland's Louisiana citizenship had been an impediment to diversity, his dismissal cured any lack of diversity. See Jefferson v. Certain Underwriters At Lloyd's London, 658 F. App'x 738, 741 (5th Cir. 2016),(citing Newman–Green, Inc. v. Alfonzo–Larrain, 490 U.S. 826 (1989); Caterpillar Inc. v. Lewis, 519 U.S. 61, 64 (1996).